

FILED

DEC 20 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>v.<br>OSCAR REYES-ZETINA,<br>                      Defendant. | Case No.: 3:22-MJ-04325-AHG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER OF DETENTION**<br><br>[ECF No. 11] |

Before the Court is Defendant's Motion to Reconsider Order of Detention. ECF No. 11. At Defendant Oscar Reyes-Zetina's ("Defendant") arraignment and initial appearance on November 28, 2022, the Government moved to detain him based on a serious risk of flight. ECF No. 4. After a hearing that day, the Court granted the Government's motion. ECF No. 3. The Court found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. *Id.* Based on this finding, the Court ordered that Defendant be detained. The Court found that the following factors supported an order of detention: the nature and circumstances of the offense; Defendant has a history of violence or use of weapons; Defendant's criminal history; Defendant appears to be on supervised release for a previous conviction; Defendant is subject to removal or deportation after serving any period of incarceration; Defendant has significant family or other ties outside

1  the United States; and the weight of the evidence against the Defendant is strong (although
2  the least important factor). *Id.*
3      Defendant now seeks reconsideration of the Court's detention order, and requests
4  that the Court set pretrial release conditions including a $20,000 personal appearance bond
5  secured by signature of one financially responsible adult and location monitoring. ECF No.
6  52. Defendant argues that conditions of pretrial release should be set because Defendant
7  has ties to the Phoenix, AZ area and relatives in Texas who could support him and assist
8  with securing any bond.
9      The Government opposes the motion. The Government argues that Defendant
10 presents a serious risk of flight because of his criminal history and the nature and
11 circumstances of the instant alleged offense.
12     The Court finds that this matter is suitable for determination without a hearing.
13 *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020);
14 *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020)
15 (no requirement to hold a hearing on request for reconsideration of order of detention).
16     The Court is not persuaded that the additional facts presented by Defendant
17 regarding his ties to the Phoenix, AZ area or Texas warrant reconsideration of the Court's
18 prior detention order. Although the Court respects and appreciates that Defendant's
19 relatives and friends are willing to support him on pretrial release, that does not mitigate
20 the Court's concerns regarding the serious risk of flight that arises from Defendant's
21 criminal history, the nature and circumstances of the instant offense, and his significant ties
22 to Mexico. In short, the Court sees no evidence that Defendant does not continue to present
23 a substantial flight risk, even at the bond amount and conditions requested by Defendant.
24 ///
25 ///
26 ///
27 ///
28 ///

Therefore, the Court **DENIES** Defendant's motion to reconsider the Court's order of detention.

**IT IS SO ORDERED.**

Dated: December 19, 2022

*Allison H. Goddard*
Honorable Allison H. Goddard
United States Magistrate Judge